WASHINGTON SHIRT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 16314, 25059. Promulgated November 2, 1928.

*H. W. Welsch, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

SIEFKIN: The only question is the March 1, 1913, value of a lease-hold. The respondent has allowed depreciation upon $61,316.76, the amount expended on improvements in 1910, but the petitioner contends for approximately $39,000 additional value. In support of its position it points to an entry upon its books in 1910 placing a value

of $95,000 upon the leasehold, which amount included the sum spent for improvements. The petitioner also had as an opinion witness a well qualified real estate operator who had been personally familiar with the property and who placed a value of $100,000 upon the petitioner's interest as of March 1, 1913. Questioned as to his basis he showed that he valued the land at $432,000, assigned a theoretical return of 5 per cent or $21,600, valued the building at $70,590 and provided for a 7½ per cent return on that sum, or $5,294, and thus arrived at a total annual rental value of $26,894. Contrasting this with the average rental of $18,000 payable annually under the lease by the petitioner, he arrived at an annual profit of $8,894, and assumed that the lease had 20 years to run, resulting in a total profit of $177,880. This amount he discounted to present worth by Robinson's tables, using a 6 per cent rate, and thus arrived at the figure of $100,000.

In addition to the fact that the computation of the witness disregarded the fact that on March 1, 1913, nearly three years of the term of the lease had already run, there is no basis in the evidence for the starting point of his computation, either the value of the land or the building. Nor do we have any evidence from which we can adopt the witnesses' percentages of return on land and building or the percentage to be used in bringing the total amount of future payments down to present worth. The formula may be unimpeachable but its application to the facts must be shown. We are unable to conclude that the respondent was in error.

*Judgment will be entered for the respondent.*